MOECKEL, *Appellant*, v. HEIM *et al.*

In Banc, June 15, 1896.

1. **Husband and Wife:** EVIDENCE: FRAUD. Where a husband, in furtherance of the fraud of others, prevails upon his wife to sign a note and incumber her property, a court of equity will, in the absence of other evidence, and in order to expose the fraud in all its details, *ex necessitate rei*, permit both husband and wife to testify as to the conversations had between them in regard to the transaction.

2.  Practice : EVIDENCE, WITHHOLDING RULING ON : EXCLUDING EVIDENCE
IN DECREE: MOTION FOR NEW TRIAL.  Where the trial court withheld
its ruling upon the testimony offered, and excluded it for the first time
in the decree, the only remedy of the complaining party is to call the
court's attention to it in the motion for new trial and except to its
adverse ruling, as no exception could have been taken before the
ruling was announced.

*Appeal from Jackson Circuit Court.*—HON. E. L.
SCARRITT, Judge.

REVERSED AND REMANDED.

*W. C. Stewart* and *Kagy & Bremermann* for
appellant.

(1)  We contend on the facts shown by the
evidence, that plaintiff did not make a note, but that
the instrument was obtained from her by fraud and
false statements and pretenses; that defendants and
their agents not only used the husband Bruno Moeckel
as a "mere conduit" for the purpose of conveying their
fraudulent schemes to the ears of the wife, plaintiff
herein, but coerced him by the fear of criminal prose-
cution for embezzlement, into acting as their agent in
obtaining the property of the wife.  The court erred
in refusing to permit both plaintiff and her husband to
testify as to how the $1,100 paper was made and as to how
the signature of plaintiff thereto was obtained.  *Henry
v. Sneed*, 99 Mo. 407.  All communications between
husband and wife are not privileged.  There are excep-
tions to the rule.  The act of Bruno Moeckel by which
he procured his wife's signature was a part of the trans-
action by which the pretended note of $1,100 was pro-
cured by the defendant company through its agent
Lampe, and his statements made to his wife, and hers
to him, were part of the *res gestae*, and their repetition
of them on the witness stand should have been permit-

ted, and their mutual statements made at the time of the signing of the paper by her, should have been received in evidence as the natural and inartificial concomitants of his act in procuring the signature, and were and are explanatory thereof, showing his purpose to deceive and cheat her, thus disclosing the character and quality of his act or his interest. *State v. Gabriel*, 88 Mo. 631; Wharton's Crim. Ev., secs. 262, 691. The husband's statement to his wife concerning his fraudulent act when perpetrating a cheat on his wife for the benefit of a third person, or in the interest of such third party, do not constitute a privileged communication under the rule. A false statement made by the husband by which he cheats his wife can not be protected as a confidential communication, by a court of conscience. Where the husband sought to divest the wife of the title to lands paid for with his money and taken in her name, a letter from him to her to purchase the land for him was read in evidence and held not to come within the rule that forbids the disclosure of confidential communications between husband and wife. *Darrier v. Darrier*, 58 Mo. 222. (2) Exception was properly saved to the action of the court in excluding the evidence of Bruno Moeckel. The court admitted the evidence but reserved its ruling upon it and excluded it in its final decree, and appellant expressly called the attention of the court to its error in the motion for new trial. The appellant duly saved her exception to the action of the court in overruling her motion for new trial and had it properly and timely settled in the bill of exceptions. She could not save her exception until the ruling had been made, and the ruling having been made in the decree itself and thus becoming a part of the record, she could assail it in no other way than by motion. And this, within proper time, she did. Even had appellant saved no exception to the action of the

trial court in overruling her motion for new trial, the record proper will be reviewed by the supreme court. *State v. Murray*, 126 Mo. 526; *Taylor v. Snitzer*, 110 Mo. 411; *McIrvine v. Thompson*, 81 Mo. 648; *Wilson v. Haxby*, 76 Mo. 345; *St. Jo v. Ensworth*, 65 Mo. 625. The only office of exceptions saved, and bills of exception, is to reduce to record that which was before not matter of record. *Darrier v. Darrier*, 58 Mo. 222; 2 Am. and Eng. Encyclopedia of Law, p. 218. The judgment or decree is part of the record, and there is no need of a bill of exceptions, to make them such. *Speers v. Bond*, 79 Mo. 467; *State v. White*, 61 Mo. 441; *Green v. Wilhite*, 35 Mo. App. 39. If error is apparent on the face of the record no bill of exceptions is necessary. *State v. White, supra;* Reporter's note, 34 Mo. 108; 2 Thompson on Trials, sec. 2773; 2 Am. and Eng. Encyclopedia of Law, p. 219; *Nicol v. Hyre*, 58 Mo. App. 134; *Railroad v. Carlisle*, 94 Mo. 169. The cases cited by respondent do not controvert this rule.

*Warner, Dean & McLeod* for respondents.

(1) The evidence of the plaintiff as to conversation had between her and her husband, and the entire evidence of the husband, were by the court excluded. No exception to this action of the court was taken by the plaintiff, and hence these rulings of the court are not here for review. *Sawyers v. Drake*, 34 Mo. App. 472, 479; *Bateson v. Clark*, 37 Mo. 31, 34. Bruno Moeckel's testimony and the testimony of his wife as to what he said to her are therefore not before this court and can not be considered by the court. There is, therefore, no evidence that the $1,100 was procured by fraud or false representations. (2) Bruno Moeckel was not a competent witness in this case. At common law it was a "general rule that neither the husband nor

the wife will be allowed to give evidence for each other in civil or criminal proceedings." 1 Phillips' Evidence (Cowen, Hill and Edwards' notes), *88. Our statute (2 R. S. 1889, sec. 8922) has removed this disability only where he acts as his wife's agent. In the case at bar he has no interest in the subject of the litigation because it is alleged to be his wife's separate personal estate. The facts in the case of *Henry v. Sneed*, 99 Mo. 407, materially differed from those of the case at bar. Neither the husband nor the wife can testify as to conversations had between them. *Moore v. Wingate*, 53 Mo. 398; *Buck v. Ashbrook*, 51 Mo. 539; *King v. King*, 42 Mo. App. 454; *Berlin v. Berlin*, 52 Mo. 151.

SHERWOOD, J.—This cause has been transferred to this court by the Kansas City court of appeals.

We adhere to the ruling announced in *Henry v. Sneed*, 99 Mo. 407, that where a husband is made the conduit and mouthpiece of the fraud of others, and in furtherance of that fraud prevails upon his wife to sign a note and incumber her property, that there a court of equity, in the absence of other evidence, in order to unearth that fraud and to expose it in all of its details, will, *ex necessitate rei*, and upon a familiar common law principle, respecting evidence of fraud, permit both husband and wife to testify as to the conversations had between them in regard to the transaction.

In this case the judge of the lower court heard the testimony aforesaid, saying he would pass upon its admissibility at the conclusion of the case, but he did not do so; on the contrary he made no ruling on the admissibility of the evidence until he set forth his findings of fact in the decree he rendered in favor of defendants, when he, for the first time, excluded all evidence of conversations between plaintiff and her husband.

Plaintiff in her motion for new trial called attention to this point, and, the motion being overruled, she saved her exception, and this was all she could·do, for it must be vexatiously obvious that, until the court announced its ruling on the evidence, there was *nothing to except to*, and not until the decree was announced was plaintiff informed as to what ruling was made.

To require plaintiff to *except in advance* in *anticipation* that the ruling *might be* against her, would seem a trifle exacting and somewhat unreasonable; and every *lawyer* knows that no one can except to a judgment or· decree, and that the only course to pursue when a judgment or decree is rendered, is for the party against whom it is rendered to file a motion for new trial. This is what plaintiff did, and this was all she could do.

> "Who does the best his circumstance allows,
> Does well, * * * angels could no more."

In the quite recent case of *Utassy v. Giedinghagen*, 132 Mo. 53, on a like point of practice, BURGESS, J., speaking for the court, holds similar views.

Inasmuch as we hold that the evidence was admissible, and that plaintiff excepted as soon as opportunity offered, we reverse the decree and remand the cause. All concur except BARCLAY, J., who dissents.