Cramer v. Hurt.

## CRAMER, Appellant, v. HURT.

### Division Two, February 6, 1900.

1. **Evidence**: PHYSICIAN: MATTER OF NECESSITY. In a suit by a husband against a physician for damages for producing an abortion on plaintiff's wife, the physician was permitted to testify in his own behalf concerning information which he acquired from the wife of plaintiff while attending her in a professional character, by an examination of her body and from conversation with her, which was necessary, according to his testimony, to enable him to treat her. *Held*, that the necessities of the case are such as to render the testimony competent notwithstanding the statute (R. S. 1889, sec, 8925), it being clear that no other person except the physician and the wife personally knew anything about the facts and to deny him the right to testify concerning them would prevent justice being done.

2. ————: WIFE IN SUIT BY HUSBAND: MATTER OF NECESSITY. So, also, for the same reason is the plaintiff's wife a competent witness in his behalf in such suit, notwithstanding the statute (sec. 8922, R. S. 1889) and the common law rule concerning her competency to testify in his behalf.

3. ————: ————: AS MATTER OF PUBLIC POLICY. In a suit by the husband against a physician for damages for producing an abortion on his wife without his consent, and thereby ruining her health, the wife is a competent witness on the general ground of public policy, for if it be known that she is a competent witness it might tend to put a stop to such revolting and unnatural practices.

Cramer v. Hurt.

4. ——— : ——— : WAIVER: TESTIFYING. In a suit by the husband against the physician for malpractice on his wife, in which she does not join, it is no waiver of the protection the statute gives her to close the mouth of the physician against privileged knowledge, for her husband to call her as a witness in his behalf.

5. ——— : ——— : ——— : BRINGING SUIT. Nor is the bringing of a suit by the husband alone, a waiver of the wife's statutory protection and privilege of closing the physician's mouth.

Appeal from Cooper Circuit Court.—*Hon. W. N. Evans*, Special Judge.

REVERSED AND REMANDED.

*H. A. Edwards* for appellant.

(1) The court committed manifest error: It permitted respondent to testify to what he had learned of appellant's wife's condition during a professional examination, and the giving of her purported statements during the same without her permission and over the objections of the appellant. R. S. 1889, sec. 8925; Gartside v. Ins. Co., 76 Mo. 446; Kling v. City of Kansas, 27 Mo. App. 231; Underhill on Evid., sec. 178. (2) Not simply because the law of public policy prohibits it, nor because the statutes of the State of Missouri forbid such testimony, but for a greater reason than these, that the appellant's wife was prevented by a similar statute from testifying in this case and respondent invoked it in his behalf, but ruthlessly broke the one barring him and heaped, what may be calumny, upon her head that she was powerless to contradict. (3) It was an unjust discrimination against the appellant. The court should have permitted appellant's wife to have testified, *ex necessitata rei*, if it permitted the respondent to testify on the same theory. Yet there is nothing of record to show that it even required of the respondent reasons to invoke this theory of the law. (4) Appellant had to

make his case without the benefit of what took place in respondent's office, though he had equally as competent testimony for that purpose as respondent; it should not be allowed respondent against a statute to the contrary for any purpose.

*W. M. Williams* and *John Cosgrove* for respondent.

(1) Appellant contends that under section 8925, R. S. 1889, he can remove the veil of secrecy from what occurred between his wife and respondent, but when respondent offers to state his side of the transaction his mouth is closed. The language of the statute, we contend, will not bear such a construction. It would put any physician at the mercy of an unscrupulous person who could make and swear to any kind of a charge and the physician would be entirely helpless. The trial court rightly permitted respondent to testify to prevent a miscarriage of justice. The necessities of the case are such as to render his testimony competent. Henry v. Sneed, 99 Mo. 407; Moeckel v. Heim, 134 Mo. 576. (2) The publicity by appellant and his wife of what transpired between Mrs. Cramer and respondent unsealed the lips of respondent. Had not appellant and his wife disregarded the privilege accorded the latter by the statute respondent would have been bound unto secrecy. Mrs. Cramer's offer to testify in the case was a waiver of the privilege accorded her by the statute. She and her husband had a right to waive the statutory privilege and protection if they saw fit to do so. Blair v. Railroad, 89 Mo. 383; Thompson v. Ish, 99 Mo. 160; Davenport v. Hannibal, 108 Mo. 471. (3) The statute secures to the patient of a physician a privilege only; this privilege may be waived by the patient, or the representative of the patient. Appellant, in this case, represented his wife. Groll v. Tower, 85 Mo. 249. The bringing of the suit made that public which the statute intended should be kept secret. This was a waiver of the statutory protection and privilege.

BURGESS, J.—This is an action by plaintiff against the defendant, a practicing physician, for damages in the sum of five thousand dollars for producing an abortion upon plaintiff's wife, Cellantine Cramer, and in so doing using upon her body and womb certain surgical instruments, by reason of which she became greatly wounded and diseased of her body, sick, and her life endangered, and she wholly unable to perform her domestic duties, as his wife, and to give him such social companionship and to perform such social and conjugal duties as he is entitled to from her, and for moneys expended by him for medicine for her and for medical services.

The answer admits that Cellantine Cramer is the wife of plaintiff; that defendant is a practicing physician; that she called upon him on the 25th day of July, 1895, for treatment, and was treated by him, and alleges that such treatment was according to his best judgment and skill, and denies all other allegations in the petition.

By reply all new matter set up in the answer is denied.

There was a verdict and judgment for defendant, and after unsuccessful motion for a new trial plaintiff appeals.

There was testimony tending to sustain the allegations in the petition, as well also as the defense set up in the answer.

During the trial Mrs. Cramer was offered as a witness in behalf of her husband, but upon objection by defendant upon the ground that she was incompetent to testify on the part of her husband she was not permitted to testify.

Over the objection and exception of plaintiff the defendant who was introduced as a witness in his own behalf was permitted to testify concerning information which he acquired from the wife of plaintiff while attending her in a professional character, by an examination of her body and from conversation with her, which was necessary according to his testimony in order to enable him to treat her, as well also as to the conversations had between himself and her with respect to her

condition and the treatment necessary in her condition, what he said to her, etc., and in this ruling plaintiff insists that the court committed reversible error.

By section 8925, Revised Statutes 1889, a physician or surgeon is prohibited from testifying concerning any information which he may have acquired from any patient while attending him or her in a professional character, if such information is necessary to enable him to prescribe for such patient as a physician, or to do anything for such patient as a surgeon and unless this statute does not mean what it says, or the necessities of the case are such as to render the testimony competent notwithstanding the statute, or the privilege accorded by the statute to plaintiff's wife of suppressing as evidence information acquired by the defendant while attending her in a professional capacity was waived by her and her husband by the institution of this suit, or by the offer of Mrs. Cramer by plaintiff as a witness in the case, the position seems to us to be well taken.

This statute was intended for the protection of the patient against the disclosures of information obtained by a physician in course of his employment as such without the consent of the patient, and in this case unless such evidence was admissible upon the ground of the exigencies of the case, or such privilege was waived by the plaintiff, the evidence objected to was not admissible.

Under the Michigan statute upon the same subject, which is substantially the same as ours, the Supreme Court of that State in construing it in Railroad v. Martin, 41 Mich. loc. cit. 671, said: "The objection that a physician can not reveal with his patient's consent what he has learned during his treatment, is one which if valid, would render it impossible in either civil or criminal cases to use the only testimony which would show the nature and extent of disease. The statute is one passed for the sole purpose of enabling persons to secure medical aid without betrayal of confidence. It is

only a question of privilege, and such communications are on the same footing with any other privileged communications which the public has no concern in suppressing when there is no desire for suppression on the part of the persons concerned." [See, also, Groll v. Tower, 85 Mo. loc. cit. 254.]

But defendant contends that the necessities of the case are such as to render the testimony of defendant competent. In Henry v. Sneed, 99 Mo. 407, it was held that plaintiff and his wife might testify as to conversations between themselves as to the transaction in question, as part of the *res gestae*, and also on the ground of fraud, and this because of the necessity of the matter.

So where a husband, in furtherance of the fraud of others, prevailed upon his wife to sign a note and incumber her property, in the absence of other evidence, and in order to expose the fraud in all its details, it was held that a court of equity would because of the necessity of the matter permit both husband and wife to testify with respect to the conversations had between them in regard to the transaction. [Moeckel v. Heim, 134 Mo. 576.]

While under the general common law rule Mrs. Henry and Mrs. Moeckel would have been incompetent to testify in these cases, their husbands being their co-parties the rulings in them are justified upon the ground of the matters testified to by them being within their own personal knowledge, and their testimony a matter of necessity. So in the case at bar, the facts to which the defendant was permitted to testify with respect to the condition of Mrs. Cramer, his treatment of her, and the facts obtained from her with respect to her condition were within the exclusive knowledge of her and himself, no other person knew of their own personal knowledge anything about them, and, while it must be understood that such evidence can not be admitted, merely because other evidence of the facts can not be obtained, yet in a suit against a physician by the husband for damages, where it is clear that no other person

besides himself and the wife knows anything personally about the facts, and the proof of such facts are necessary in sustenance of his defense, it is not error to permit him to testify to such facts in order to prevent injustice being done. "For, where the law can have no force but by the evidence of the person in interest, there the rules of the common law, respecting evidence in general, are presumed to be laid aside; or rather, the subordinate are silenced by the most transcendent and universal rule, that in all cases that evidence is good, than which the matter of the subject presumes none better to be attainable." [1 Greenleaf on Evid. (14 Ed.), sec. 348.] There was, therefore no error committed in this regard, notwithstanding the inhibition in the statute before quoted.

But it must for the same reason follow that Mrs. Cramer is a competent witness for her husband, notwithstanding at common law as a general rule a married woman is incompetent to testify in behalf of her husband. It may however be said, that because section 8922, Revised Statutes 1889, provides that "no married woman shall be disqualified as a witness in any civil suit or proceeding prosecuted in the name of or against her husband, whether joined or not with her husband as a party" in the cases therein specified, which do not include cases of the kind and character of the one at bar, that therefore, the common law rule with respect to the incompetency of a married woman as a witness for her husband in a suit by him, otherwise than in exceptional cases, is still in force. But notwithstanding this statute, and, the common law rule, it was held in both the cases of Henry v. Sneed, *supra*, and Moeckel v. Heim, *supra*, that Mrs. Henry and Mrs. Moeckel were competent witnesses.

As was well said by SHERWOOD, J., in speaking of somewhat similar statutes in Ex parte Marmaduke, 91 Mo. loc. cit. 257: "And being itself a remedial section, giving a testifying capacity where none existed before, and all the sections forming but one system, and being construed together as but

one statute, they are to be construed liberally; are to receive an equitable interpretation; whereby the letter of the act or section will be sometimes enlarged or sometimes restrained so as more effectually to meet the beneficial end in view, and prevent a failure of the remedy. A noted illustration of this principle is found in the ruling made upon the registry acts, where, notwithstanding the strict provisions of those acts, prior registry of a deed was not allowed to countervail the effect of actual notice." [Citing 1 Kent Com., 465, and cases cited; Smith, Com, secs. 520, 547.]

As further illustrative of this rule a married woman was a competent witness at common law for her husband in an action by him against a carrier for the negligent loss of her trunk, with respect to the articles lost, and the value thereof. She is now a competent witness under the statute (sec. 8922, R. S. 1889), in such a case, so far as relates to the loss of property, and the amount and value thereof.

The strict rule of evidence under which as a general rule witnesses are only allowed to testify as to facts is further relaxed in cases of long accounts, or of many books and papers which could not conveniently take place in court, they may testify as to the result of their investigation of the books, and this too although the books are present in court at the time. [1 Greenl. on Evid, (14 Ed.), sec. 93.]

So in Mathias v. O'Neill, 94 Mo. 520, it was held that a bookkeeper might testify from seeing certain entries in his handwriting, that he was led to think the facts stated in them were true.

In an article in the January and February number 1900, of the American Law Review (volume 34, page 2), entitled Medical Expert Evidence, it is said: "In the reception of proof in judicial investigations, the rule is that witnesses are allowed to testify only as to facts and are not permitted to state their conclusions from facts. An exception is made in favor of experts, however, who as Mr. Wharton well puts it,

'are entitled to give their opinions or judgments as to conclusions from facts within the range of their specialties, but too recondite to be properly comprehended and weighed by ordinary reasoners.' This departure from the prevailing rule in the law of evidence is justified by the necessity of the case."

So in the case at bar, while holding that both defendant and Mrs. Cramer are competent witnesses in the case with respect to the conversations between them in regard to his treatment of her in his professional capacity, and his manner of treatment, what he did, etc., is a departure from the prevailing rule of the law of evidence, we think it is fully justified by the authorities, upon the ground of the necessity of the case.

If the allegations in the petition are true plaintiff has a cause of action against defendant, but unless Mrs. Cramer is held to be a competent witness and permitted to testify in his behalf, the remedy afforded him by law will fail, and the law should not be so construed as to produce that result.

Moreover, we think Mrs. Cramer is a competent witness in the case on general grounds of public policy, for if it be known that a married woman is a competent witness for her husband, in a suit for damages by him against a physician who produces an abortion upon her without the consent of her husband, in consequence of which her health is injured and he is deprived of her services to which he is entitled by law, and expenses are entailed upon him in her nursing and for medical treatment, it might to some extent at least put a stop to such revolting and unnatural practices.

As the knowledge derived by defendant with respect to the condition of plaintiff's wife was privileged on her part, and which she had the right to waive (Blair v. Railroad, 89 Mo. 383; Thompson v. Ish, 99 Mo. 160; Davenport v. Hannibal, 108 Mo. 471; Groll v. Tower, 85 Mo. 249), it is claimed that she did waive the protection of the statute by offering herself as a witness in behalf of her husband. But the abstract of

the record no where shows that she offered herself as a witness, and shows nothing more than that "Mrs. Cramer being duly sworn on behalf of plaintiff, testified as follows," and that upon objection being made on the part of defendant to her competency she was not permitted to testify. Now if Mrs. Cramer had been the plaintiff in the suit, she might have offered herself as a witness, but as the suit was by her husband alone, she was at his instance called as a witness, and did not, as we understand the facts, voluntarily offer herself as a witness. Nor does it appear that the plaintiff is representing his wife in this case, or that he was at any time authorized by her to waive this privilege.

Defendant also contends that the bringing of the suit made public that which the statute intended should be kept secret, and that this was a waiver of the statutory protection and privilege. The privilege in this case was to the wife alone, and could not be waived by the husband or any other person, without authority from her to do so, and there was no evidence in this case that he had any such authority. The institution of the suit by him, had no tendency to show that he had any such authority. Moreover, while the law places no restriction upon her or the defendant as to what they may respectively say to others about what occurred between them during his treatment of her, it prohibits him from testifying in any case to such facts, without her consent, unless such consent be waived by her or some person authorized to do so for her. Now if the suit was by the wife, or by the husband and the wife, against the defendant for physical injury occasioned by his want of knowledge or negligence in her treatment, then the privilege of secrecy on the part of defendant would thereby be waived as to all matters connected with the case and his treatment thereof (Becknell v. Hosier, 10 Ind. App. 5), but that is not this case.

Our conclusion is that the judgment should be reversed and the cause remanded. It is so ordered. *Gantt, P. J.*, and *Sherwood, J.*, concur.