LEONARD DEMONBRUN v. C. H. McHAFFIE, Appellant.—156 S. W. (2d) 923.

Division Two, December 16, 1941.

*E. G. Wadlow, Joe N. Brown* and *Frank B. Williams* for appellant.

*Collins & Pierce, Russell W. Gabriel* and *William S. Gabriel* for respondent.

1122

 BOHLING, C.—Leonard Demonbrun instituted this action against C. H. McHaffie, a practicing physician, seeking $10,000 damages as the result of an alleged abortion performed by defendant upon Wilma Demonbrun, plaintiff's wife, without plaintiff's knowledge. Plaintiff's motion for new trial, defendant having prevailed before the jury, was sustained on the ground "the court erred in giving instruction." Defendant appealed. He asserts there was no error in his instructions or in the admission of evidence on his behalf, and that plaintiff made no case.

Plaintiff asserts error was committed in the admission of the testimony of Dr. Durward G. Hall with respect to his treatment of plaintiff's wife prior to her illness here involved.

Plaintiff's wife testified that she was married September 17, 1937; that on November 12, 1937, she employed defendant to and defendant performed the operation complained of; that she went to the hospital the next morning, remained there nine days, and was treated by Dr. Durward G. Hall, who "told me I had an infection;" and that she had an abortion while in the hospital. On cross-examination she testified that Dr. Hall had treated her professionally in June, 1937, advising she had chronic appendicitis and did not inform her nor treat her for a gonorrheal infection. Dr. Hall, called by the plaintiff, testified that he treated plaintiff's wife for her ailment in November, 1937; that she had much infection; that she passed a number of large blood clots but no embryonic tissue whatever; that he "saw nothing to indicate that there was anything in the nature of an abortion" or "fetal membrane or afterbirth, anything of that kind;" no bruises, or mark or evidence that she had been tampered with;" that, in fact, plaintiff's wife had not been pregnant; and that her condition could be attributable to something else. On cross-examination, he testified, over plaintiff's (not the patient's) objection, that he had

treated her in June, 1937, for an acute infection of the female organs, gonorrhea; that he did not tell her she had chronic appendicitis; and that he attributed her condition in November, 1937, to the previous gonorrheal infection. We think this evidence proper under the facts of the case.

Plaintiff invokes Sec. 1895, R. S. 1939, Mo. Stat. Ann., p. 4011, Sec. 1731, reading: "The following persons shall be incompetent to testify: . . . fifth, a physician or surgeon, concerning any information which he may have acquired from any patient while attending him in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or do any act for him as a surgeon." In Cramer v. Hurt (Div. II, 1900), 154 Mo. 112, 55 S. W. 258, a suit of like nature, the issues presented on the husband's appeal were whether error had been committed (1) in permitting the physician to testify, and (2) in refusing to permit the wife to testify. The court held the physician was a competent witness notwithstanding the inhibition on his competency in then Sec. 8925, R. S. 1889 (Sec. 1895, quoted supra); reasoning that the prevention of injustice under the peculiar facts of the case necessitated the removal of the statutory disqualification. For the same reason, the wife was held a competent witness, although then Sec. 8922, R. S. 1889, had not removed the disqualification existing at common law against her competency in the case. [154 Mo. 1. c. 116-120, 55 S. W. 258.] The broad disqualification of a husband or wife as a witness for or against the other at common law now stands removed for most purposes. [Sec. 1892, R. S. 1939, Mo. Stat. Ann., p. 4007, Sec. 1728; Laws 1921, p. 392.] Observations in Cramer v. Hurt immediately following the rulings mentioned, supra, on the issue of waiver appear to be dicta, the issues theretofore having been determined for the purposes of the review. The instant case differs in that plaintiff's wife and her physician were called by plaintiff and testified on the issue. The physician's testimony in chief, although bearing on the issue, failed to develop the cause for her condition in November, 1937, a constitutive element of plaintiff's case. There was testimony that scientific examinations were necessary for a determination of pregnancy in so short a time as was established therefor in the instant case. The jury, plaintiff having opened the privileged domain, was entitled to the opinion of the attending physician, who had pathological examinations made in accordance with scientific routine, on the cause of the patient's condition, if not developed by the plaintiff then to be developed by the defendant on cross-examination if so desired, and as an incident thereto the facts upon which that opinion was based in order to arrive at a just verdict and prevent injustice. The privilege under discussion was not known to the common law. In Smart v. Kansas City (Banc, 1907), 208 Mo. 162, 207, 105 S. W. 709, 722, the separate opinion of LAMM, J., concurred in by GRAVES, J.,

states: "A litigant should not be allowed to pick and choose in binding and loosing—he may bind or he may loose. If he binds, well and good; but if he looses as to one of his physicians, the seal of secrecy is gone—the spell of its charm is broken as to all. May one cry secrecy! secrecy! professional confidence! when there is no secrecy and no professional confidence? As well cry, peace, peace, when there is no peace. (Jeremiah 6:14 q. v.) To hold so leaves a travesty on justice at the whimsical beck and call of a litigant. . . . There is no reason in such condition of things, and where reason ends the law ends." The foregoing is quoted with approval in Epstein v. Pennsylvania Rd. Co. (Banc, 1913), 250 Mo. 1, 36, 156 S. W. 699, 710, 48 L. R. A. (N. S.) 394, Ann. Cas. 1915A, 423, overruling majority opinion in Smart v. Kansas City, supra, in so far as conflict existed. If a patient waives the privilege, it ceases to exist. It may not be waived in part and retained in part. Note observations and quotations in Epstein v. Pennsylvania Rd. Co., supra, l. c. 29, 30, 31, 32, 33 and 708, 709, respectively. [Consult Lampe v. Franklin Am. Trs. Co., 339 Mo. 361, 371-373, 96 S. W. (2d) 710, 714(1, 2).] The injustice of excluding the questioned testimony in the circumstances presented is obvious. Its admission was within the spirit of our more recent discussions bearing on the issue. [See also State v. Long (Banc, 1914), 257 Mo. 199, 212(II), 214(IV), 165 S. W. 748, 752(II), 753(IV); Wells v. Jefferson City, 345 Mo. 239, 246, 132 S. W. (2d) 1006, 1009[13]; Williams v. Wabash Rd. Co. (Div. I, 1915), 175 S. W. 900, 903[7].; McPherson v. Harvey (Mo. App.), 183 S. W. 653, 654[1]; Albright v. Davis (Mo. App. 1933), 64 S. W. (2d) 121, 124[5]; Priebe v. Crandall (Mo. App. 1916), 187 S. W. 605, 608 [7]; Annotations, 98 A. L. R. 1284; 62 A. L. R. 680; 90 A. L. R. 646; 114 A. L. R. 798; 8 Wigmore, Evidence, p. 832, secs. 2389, 2390.]

██ Plaintiff also asserts error in defendant's instruction No. 1 "because it tells the jury that plaintiff could not recover unless the illegal operation complained of was the direct cause of the miscarriage, and in so doing it wholly ignored the doctrine of aggravating a previous affliction." Plaintiff's case was not tried on the theory of the aggravation of a previous affliction. Plaintiff's petition charged that defendant performed an illegal operation of abortion upon plaintiff's wife and as a result of said illegal operation plaintiff sustained the loss of his unborn child and the services of his wife and incurred great expense, et cetera. The answer was a general denial. We have set out the gist of the evidence. Defendant testified he had never operated upon plaintiff's wife, had never seen her. Plaintiff's sole instruction authorizing a verdict predicated recovery upon findings, in the conjunctive, by the jury that defendant performed an operation of abortion upon plaintiff's wife; that at such time plaintiff's wife was in good health; that such an operation, if any, was not necessary and destroyed an unborn child; that plaintiff's wife was thereby made sick,

and that plaintiff was damaged. Thus plaintiff tendered to the jury the factual issues of abortion or no abortion, of the performance or nonperformance of the operation of abortion by defendant, and of a resultant miscarriage or no miscarriage. Plaintiff's pleadings, proof and instructions did not proceed upon the theory of the aggravation of any previous affliction of plaintiff's wife by reason of the alleged operation. Plaintiff therefore is in no position to successfully predicate error on the alleged ground that defendant's instruction ignored, if it did, the doctrine of aggravating a previous affliction.

Other issues have been presented by defendant. We express no opinion on their merits. What we have said rules this review. The order granting a new trial is set aside and the cause is remanded with directions to enter judgment on the verdict of the jury. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.