T. K. PRICE v. THE STATE.

No. 13989. Delivered March 4, 1931.
Rehearing Denied May 27, 1931.

The opinion states the case.

*Ira Lawley,* of Groesbeck, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for conversion of the funds of an estate by a guardian; punishment, ten years in the penitentiary.

Some question is raised in this case as to the sufficiency of the proof that appellant converted any of the funds of the estate in question, in Limestone county, Texas, but we have concluded such proof sufficient. It is shown that on September 11, 1920, appellant filed with the clerk of the county court of Limestone county an annual account in which, upon oath, he states that he received from the United States government a net amount belonging to said estate of $2,240.14. This account was sworn to on September 9, 1920, before a notary public of Limestone county, Texas, which two circumstances would seem to show the personal presence of appellant in said county at said times. Among the checks issued by the United States Treasury, which are in evidence, is observed one issued to appellant as guardian, endorsed by him in that capacity, upon the back of which check is also the endorsement of a Limestone county bank of date September 10, 1920. These facts together with appellant's admission to Mr. Toomey,—also in evidence,—that he got all the moneys represented by these checks in evidence, would appear to support the conclusion that appellant converted in Limestone county, Texas, at least the amount of said check, which is $80.

We might further observe that in February, 1920, appellant returned into said court an inventory sworn to by him, together with J. Sanford Smith and Jack Womack, appraisers, showing as the funds of said estate $2,028.39 "Cash on deposit in bank". The annual account filed September 11, 1920, shows that appellant had also received from the United States Government $2,240.14 net, as above stated,—the aggregate funds of the estate shown in the two accounts mentioned being $4,268.53. Appellant filed another account on August 8, 1922, and swore to this before the county clerk of said county, in which said sworn statement is an "amount brought forward," to-wit: $2,240.14, and it is stated that the amount of $1,920 was collected by appellant between September 8, 1920, and said August 8, 1922, which total of $4,160.14 appellant swears

is the amount received by him to said August 8th. The state introduced photostatic or photographic copies of checks issued by the Treasury of the United States payable to appellant as such guardian, all endorsed by him and paid by said Treasury between September 1, 1920, and August, 1922, the aggregate of which checks are $4,419.47. The testimony above referred to seems to indicate the reception by appellant as guardian of a much larger sum of money belonging to said estate than shown by any or all of his annual accounts.

Considering the questions raised of procedure, we think the indictment in this case sufficient. It follows the language of article 1538, P. C., and charges that appellant was the duly appointed guardian in Limestone county, Texas, of Green Smith, etc., and as such had charge of the estate of said Smith, and that with intent to defraud said Smith he did then and there convert to his own use certain moneys of said estate,—described in the indictment,—which moneys had come into his possession and were then and there under his care and charge as such guardian.

Appellant presented numerous exceptions to the court's charge, each of which has been considered but none of which appear meritorious.

Appellant complains by several bills of exception of the introduction in evidence of inventories, annual accounts, written applications for appointment as guardian and orders in said cause, etc., etc., the objection being that the instruments were not filed with the papers in this case three days before the trial and notice given appellant or his attorney; also that said papers were not proved up as the acts of appellant, etc. None of said bills show as a fact that the grounds of objection stated, are in fact true. Ferguson v. State, 61 Texas Crim. Rep., 152, 136 S. W., 465. As we understand this record, these documents were not such as are required by law to be recorded by the county clerk, hence no necessity for filing same three days prior to the trial, or for the giving of notice to appellant or his attorney. Said rule applies only to instruments which are required by law to be recorded.

Complaint appears of the introduction by the state of the vouchers or checks issued to appellant as guardian by the Treasury of the United States Government; also to the notations and endorsements on the back of said instruments. By the Acts of the 67th Congress, p. 24, sec. 306, which is title 31, sec. 46, United States Code, 1926, it is expressly provided that photostatic or photographic copies of all books, records, papers and documents in the accounting department of the United States Government, when certified to by the comptroller or assistant comptroller general, under the seal of his office, shall be admitted in evidence, etc. Under the provisions of said statute, which has application here, the testimony referred to was admissible.

We have examined the other bills of exception, many of which present

objections not verified, and are of opinion none of same present error for which this case should be reversed.

The judgment will be affirmed.

*Affirmed.*

Hawkins, J., not sitting.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant renews an attack upon the indictment. He does not in the motion point out any particular claimed defects, but refers us to bill of exception No. 2 which brings forward his original criticism of the indictment contained in a motion to quash. We are cited to many cases, all of which have been examined. Upon a further inspection of the indictment we have been unable to discover any vice in it, nor do any of the cases cited by appellant appear to sustain his criticism of it.

Several bills of exception brought forward complain of the introduction in evidence of inventory, annual accounts, written applications for appointment as guardian, and orders in said cause, etc. Among other objections was one urged upon the ground that the instruments were not filed with the papers in this cause three days before the trial and notice given appellant or his attorneys. It was said in our original opinion that the bills failed to certify as a fact that the grounds of objection were true. In so far as the objection mentioned is concerned, it was overlooked that in the beginning of the bills it is certified that the instruments mentioned were not filed nor notice given. It was not necessary to file or give notice as to the orders or judgments of the probate courts. The original probate records were introduced. Their admissability is controlled by article 3720, R. C. S., and not by article 3726, R. C. S., upon which appellant seems to rely. See Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W., 119; Jackson v. First National Bank (Texas Crim. App.), 290 S. W., 276; Manning v. State, 46 Texas Crim. Rep., 326; McDaniel et al. v. Weiss et al., 53 Texas (Sup. Ct.), 257.

As we understand the record, the inventory, accounts, application for appointment as guardian, and other documents were produced upon the trial by the clerk of the court in whose custody they were supposed to be and were identified by him as the original documents on file in the probate court. We quote from Hardin v. Blackshear, 60 Texas (Sup. Ct.), 132.

"Where the original papers in a judicial proceedings, sought to be introduced, are a part of the official records of the court where the case is being tried, or are brought into open court from the county court of the same county, in the custody of the clerk of that court, it has been held, under such cirsumstances, such original papers are admissible in evidence. Wallis v. Beauchamp, 15 Tex., 305; Houze v. Houze, 16 Tex.,

601. In this connection, see, also, Styles v. Grey, 10 Tex., 503." Manning v. State, 46 Texas Crim. Rep., 326, 81 S. W., 957.

No filing or notice as to the original documents was required. If it was necessary under the circumstances to prove the execution before they would have been admissible,—(which point we find it unnecessary to decide)—we observe that there is no certificate in the various bills of exception supporting the truth of an objection that there was no proof of their execution, it being an objection only.

It was said in the original opinion that the documents in question were not such as are required to be recorded. As to this we were in error (article 4106, R. C. S.), and that statement in the original opinion is withdrawn.

Appellant criticizes that part of our opinion which sustains the receipt in evidence of certain photostatic copies of vouchers or checks authorized by section 47, title 31, U. S. Code, 1926. Appellant's position is that the law in question by its terms refers to section 661, of title 28, of the same code, which only permits copies of documents, etc., to be admitted in evidence "equally with the originals thereof". Appellant contends that if the original documents had been present in court they would have been inadmissible as evidence because not properly proven up, and therefore the copies introduced were subject to the same infirmity. In his petition to the county court of Limestone county, Texas, for appointment as guardian for Green Tellis Smith appellant represented that Smith had regularly enlisted as a private in the United States armies and that by such enlistment and such service the War Risk Insurance Bureau of the United States Government was ready and willing to make a compensation award to him, but that he was not mentally competent to sign such documents and pay vouchers as would be necessary to collect such award. It was under this application that appellant was appointed guardian of the estate of Green Tellis Smith. The inventory and accounts filed by appellant in said guardianship show no funds or property coming into his hands other than from the United States Government under such compensation award. The photostatic copies of the vouchers or checks in question show to have been drawn against the Treasurer of the United States and payable to appellant as the legal guardian of Green Tellis Smith, and upon the face of the vouchers purport to be from the Treasurer of the War Risk Insurance Bureau. Upon the back of said vouchers appears what purports to be the signature of appellant as guardian of Green Tellis Smith.

Richard A. Toomey gave testimony to the effect that in a conversation with appellant concerning the amounts represented by the checks which had been introduced in evidence appellant acknowledged that he had received the amounts of all the checks received by him as guardian of Green Tellis Smith from the United States Veterans Bureau, "including

these checks", having reference to the very checks or vouchers to the introduction of which objection had been made. Regardless of whether the vouchers were received in evidence prior to or subsequent to the testimony of the witness Toomey, his testimony in connection with the other facts appearing in the record unquestionably made the vouchers or copies thereof admissible.

The motion for rehearing is overruled.

*Overruled.*