MORRIS APTER, Respondent, *v.* HOME LIFE INSURANCE COMPANY OF NEW YORK, Appellant.

(Argued January 17, 1935; decided February 26, 1935.)

*William G. Birmingham* for appellant. It was error for the trial court to sustain plaintiff's objections to questions propounded to the doctors called as defendant's witnesses. (*Steinberg* v. *New York Life Ins. Co.*, 263 N. Y. 45; *Capron* v. *Douglass*, 193 N. Y. 11.) Exclusion of a given risk from coverage, or limiting liability therefor, does not conflict with the incontestability clause. (*Matter of Metropolitan Life Ins. Co.* v. *Conway*, 252 N. Y. 449; *Woodbury* v. *New York Life Ins. Co.*, 129 Misc. Rep. 365; 223 App. Div. 272; *Wechsler* v. *New York Life Ins. Co.*, 147 Misc. Rep. 8; *Peoria Life Ins. Co.* v. *Smith*, 47 Fed. Rep. [2d] 279; *John Hancock Ins. Co.* v. *Hicks*, 183 N. E. Rep. 93.)

*Morris M. Oppenheim* for respondent. The trial court was justified in finding that the plaintiff did not expressly or impliedly waive the privilege of physician and patient. (*Steinberg* v. *New York Life Ins. Co.*, 263 N. Y. 45; *Weil* v. *Weil*, 151 App. Div. 622; *Capron* v. *Douglass*, 193 N. Y. 11; *Patten* v. *U. L. A. Ins. Assn.*, 133 N. Y. 450; *Acee* v. *Metropolitan Life Ins. Co.*, 219 App. Div. 246.) The incontestability clause effectively precluded the testimony of the physicians and its effect is improperly construed by the defendant as a limitation of coverage. (*Davern* v. *American M. L. Ins. Co.*, 241 N. Y. 318; *Wright* v. *Mutual Benefit Life Assn.*, 43 Hun, 61; 118 N. Y. 237; *Bates* v. *United Life Ins. Assn.*, 68 Hun, 144; 142 N. Y. 677; *Vettens* v. *Massachusetts Nat. Life Assn.*, 29 App. Div. 72; *Teeter* v. *United Life & Acc. Ins. Co.*, 11 App. Div. 259; 159 N. Y. 411; *Cohen* v. *North American Life Ins. Co.*, 185 N. W. Rep. 939; *Chinery* v. *Metropolitan Life Ins. Co.*, 112 Misc. Rep. 107; *Mutual Reserve Fund Life Ins.*

Co. v. *Austin*, 142 Fed. Rep. 398; *Prudential Ins. Co.* v. *Connallon*, 106 N. J. Eq. 251; *Kansas City Life Ins. Co.* v. *Hislep*, 154 Okla. 42; *Hopkins* v. *Connecticut General Life Ins. Co.*, 225 N. Y. 76.)

LEHMAN, J. The defendant in September, 1929, issued to the plaintiff two policies of life insurance. Each policy contained a provision for the waiver of premiums and for payment of monthly income " if  *  *  *  due proof be submitted to the Company  *  *  *  that the insured has become and is totally and presumably permanently disabled by bodily injury occurring or disease originating after the date on which this agreement becomes effective." The plaintiff thereafter became disabled from disease and proof of such disablement was served upon the defendant company. The company for some time paid the stipulated disability benefits and waived the payment of premiums. Then it ceased payment of benefits and gave notice that it recalled its waiver of annual premiums. The plaintiff has brought this action to restrain the defendant from revoking its waiver of premiums and from canceling the policies of insurance. The complaint also asks judgment for the unpaid disability benefits as provided in the policies.

The defendant in its answer denied that the plaintiff became disabled from disease within the meaning of the policies and denied other material allegations of the complaint, and alleged as a defense and counterclaim that the policies were procured by fraudulent representations of the plaintiff and by fraudulent concealment that the plaintiff was at the time when the policies were issued suffering from tuberculosis of the lungs. The answer also alleges that " if the plaintiff is suffering from or afflicted with any bodily injury or disease which has rendered him presumably permanently disabled, such bodily injury occurred or disease originated prior to the date the aforesaid agreements became effective."

At the trial the plaintiff called no physician to show that he was disabled by disease. The defendant conceded that fact for the purpose of proceeding with the trial of the action without requiring that the plaintiff call the physician, Dr. Golumbe. The defendant also conceded that no disability benefits were paid after July 30, 1932. The plaintiff then introduced in evidence the policies and a copy of the application for disability benefits and rested. Defendant's motion to dismiss the complaint was then denied.

The plaintiff's application for disability benefits states that the disability is due to " tuberculosis on lungs." That constitutes an admission by the plaintiff upon which the defendant may rely, at least until it is contradicted or explained by the plaintiff. (*Rudolph* v. *John Hancock Mut. Life Ins. Co.*, 251 N. Y. 208.) The defendant accepts the admission, but claims that the plaintiff was suffering from tuberculosis before the policy was issued. The defendant attempted to establish that claim by the evidence of physicians who had examined the plaintiff prior to the date when the policies were issued. That testimony was excluded upon the plaintiff's objection that it was incompetent under section 352 of the Civil Practice Act.

If the plaintiff had called a physician to testify that he was disabled by tuberculosis, he would have waived the privilege afforded by the statute, which would otherwise protect him from the disclosure by that physician or any other attending physician that he was ill with that disease. Such waiver would not have been confined to the time concerning which the physician produced by the plaintiff testified. It would extend to the disclosure that at an earlier time the same disease existed. (*Steinberg* v. *New York Life Ins. Co.*, 263 N. Y. 45.) Though in this case the defendant's concession made it unnecessary for the plaintiff to produce the testimony of a physician that at the time he made claim for disability benefit he was suffering from tuberculosis of the lungs. he voluntarily

disclosed that fact by introducing in evidence the application filed with the defendant which contained his statement or admission to that effect. Moreover, at the request of the plaintiff, the trial judge found that the plaintiff was ill with tuberculosis. Thus at the trial the plaintiff has voluntarily disclosed that he suffered from tuberculosis. That disclosure cannot be recalled. Any voluntary disclosure at the trial of the existence of a disease, whether made through examination of a physician or other witness, or made in the form of an admission or stipulation, destroys the statutory seal of secrecy. The plaintiff, though privileged to keep inviolate the secrecy of information that he is suffering from tuberculosis, has chosen the advantage that might follow from its disclosure. Then the defendant may question a physician as to the information he has acquired in regard to the disease disclosed by the plaintiff and the date when that disease originated or became evident to the physician.

The question remains whether proof that the plaintiff had, before the policies were issued, contracted the disease of tuberculosis which has resulted in his disablement, would be relevant upon any issue which is properly raised in this action. Such proof would show that the policies are tainted by fraud. Even so, such fraud would not permit the defendant to rescind the policies, for each policy contains a provision that " after this policy has been in force during the lifetime of the insured for a period of one year from the date of issue, it shall be incontestable except for non-payment of premiums."

At the trial the defendant claimed that this clause of the policies applied only to the provisions for life insurance and not to the provisions of the policy for disability benefits. The trial judge decided otherwise, and upon this appeal the defendant has abandoned that claim. It still urges that even though fraud would no longer permit rescission of the policies, it may still show that the plaintiff, though disabled by disease, is not entitled to the stipulated

disability benefits because the disease originated before the policies became effective.

The plaintiff must show that he is entitled to payments according to the stipulations of the policies. The coverage of the policies does not include the disability arising from disease which originated before the policies became effective. Perhaps the issuance of the policies after a medical examination may permit the inference that at that time the plaintiff was in good health. Then proof of disability arising thereafter from tuberculosis might be sufficient to cast upon the defendant the burden of producing evidence that the disease originated before the policies were issued.

" The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage, the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken." (*Matter of Metropolitan Life Ins. Co.* v. *Conway*, 252 N. Y. 449, 452.) From the inception of the policies the defendant excluded from its coverage disability which originated before the policies became effective. The plaintiff never acquired any insurance against such disability. The provision that after one year the policy shall be incontestable is in effect a stipulation that after one year, fraud or other source of invalidity or forfeiture was waived by the defendant. From that time the presumption that the policies were effective from their inception became conclusive. A claim that the coverage of the policies did not include disability from a disease originating after such inception might be inconsistent with the incontestability provision. (Cf. *Kansas City Life Ins. Co.* v. *Hislip*, 154 Okla. 42.) A claim that the coverage of the policies includes no disability excluded by its terms is in exact

accord with the written contract of the parties and is not in conflict with the provision that the validity of the written contract may not be contested.

The parties have stipulated that fraud by the assured will not vitiate the policies after lapse of one year. That stipulation is not open to the construction that fraud of the assured will result in the imposition upon the insurance company of a liability extending beyond the terms of its policy.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to appellant in all courts to abide the event.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.