## DAMIANOS ANASTASION
vs.
## METROPOLITAN LIFE INSURANCE CO.

Superior Court      New Haven County      File #50801

Present:   Hon. ERNEST A. INGLIS, Judge.

Joseph S. Carusi;
Philip Pond,                    Attorneys for the Plaintiff.

Wiggin & Dana,                  Attorneys for the Defendant.

**MEMORANDUM FILED JUNE 8, 1937.**

INGLIS, J.   The counterclaim, to which this demurrer is addressed, alleges that in 1924 and thereafter the plaintiff pro-

cured the payment to him by the defendant of certain disability benefits, and the waiver of premiums, under the insurance policy here sued upon by the plaintiff by fraudulently representing that the disability which he claimed to be suffering arose after the issuance of the policy whereas in truth the disability arose prior to the date of the policy. The policy provides for the payment of such disability benefits and such waiver of premiums only if "the insured has, while said Policy and this Supplementary Contract are in full force, . . . . . become totally and permanently disabled."

It appears in the pleadings and is admitted that one of the provisions of the policy is that the policy "except for non-payment of premiums, shall be incontestable after two years from the date of its issue." The policy was issued January 28th, 1924, and the ground for demurrer is that because of the "incontestability clause" aforesaid the defendant can not now maintain the cause of action set up in the counterclaim.

The purpose and effect of the incontestability clause is simply that after the lapse of two years from the date of the policy, the insurer is precluded from canceling the policy on the ground that it is voidable because of fraud in its procurement or on the ground that there has been a breach of some of the warranties by the insured. It does not prevent the insurer from claiming that any disability for which the insured may claim benefits is not within the coverage of the policy.

Harrison vs. Provident Relief Ass'n., 141 Va. 659; 126 S. E. 696.

Apter vs. Home Life Ins. Co., 266 N.Y. 333; 194 N.E. 846.

It is apparent that in the present case the defendant insurance company is not taking the position that the policy is voidable because obtained by fraud. It is not contesting the policy. On the contrary, it is treating the policy as a binding obligation and relying on the provisions of the policy. Its claim is not that the policy itself is voidable for fraud but rather that the disability for which it paid the plaintiff benefits from 1924 to 1931 was not a disability which was covered by the policy and that the plaintiff obtained those payments from it by fraud. Such a claim clearly does not contravene the incontestability clause of the policy.

For the foregoing reasons, the demurrer to the counterclaim is overruled.