PETTY *v.* METROPOLITAN LIFE INSURANCE COMPANY.

4-6873                                    166 S. W. 2d 1034

Opinion delivered November 23, 1942.

*R. H. Wood* and *H. B. Stubblefield,* for appellant.

*Harry Cole Bates* and *Moore, Burrow, Chowning & Hall,* for appellee.

GREENHAW, J. Appellant prosecutes this appeal from the judgment of the Izard circuit court in favor of appellee, in which that court found and held, upon the plea of appellee, that the decision of this court in the case of *Metropolitan Life Insurance Co.* v. *Petty,* 196 Ark. 1178, 118 S. W. 2d 248, decided June 20, 1938, involving the same parties, constituted *res judicata.* The first suit was filed in August, 1937, and the present suit in February, 1942.

On April 2, 1925, appellee issued to appellant a life insurance policy in the amount of $5,000, and a few days thereafter issued to him a supplementary contract, commonly called a total and permanent disability rider, providing for waiver of premiums and payment of monthly income, which was attached to said life insurance policy. The supplementary contract covered total and permanent disability "as the result of bodily injury or disease occurring and originating after the issuance of said policy."

In his first suit appellant alleged: : "He has suffered from a general weakened condition; is very nervous, tottery, physically run down and unable to perform any kind of manual labor, (and is) suffering from what the doctors who examined him call Parkinson's disease."

In the present suit he alleged: "That plaintiff, Charles C. Petty, is now and has been continuously during and since the month of January, 1938, suffering from nervousness, loss and defect in his speech, loss of use of his right side, including right arm and right leg; poor vision, shaking palsy, Parkinson's disease, and paralysis agitans; that plaintiff, Charles C. Petty, is prevented

thereby from engaging in any occupation and from performing any work for compensation or profit.''

In the case of *Metropolitan Life Insurance Co.* v. *Petty, supra,* this court, in reversing the judgment for Petty and dismissing the cause, said: ''We have quoted extensively from appellee's testimony because it shows beyond a reasonable doubt (1) that appellee was afflicted with a disease of the nervous system at the time he applied for insurance; (2) that the condition of which he now complains is a continuation of the malady existing in March, 1925, symptoms of which relate back to 1921; (3) that such symptoms were apparent to appellee while he was working for Chas. T. Abeles & Company, and (4) that appellee, in applying to the Veterans' Bureau for service connected disability compensation, regarded his affliction as one originating during the period of his army service.''

In the above case the evidence was reviewed at length. The opinion does not appear in the Arkansas Reports, but will be found in the Southwestern Reporter.

In the instant case appellee sued for the monthly disability benefits for the months of October, November and December, 1941, and January and February, 1942, as well as for those other months which might accrue before trial. He also sought a waiver of all premiums, beginning at once thereafter, both upon the policy and the supplementary contract, together with 12 per cent. penalty and attorney's fees.

A jury was waived and the case was submitted to the court upon the pleadings, the policy involved, and a written stipulation of facts. No other evidence was introduced. The stipulation reads in part as follows:

''That plaintiff is now and has been continuously during and since the month of January, 1938, totally and permanently disabled as a result of Parkinson's disease and paralysis agitans with which he is afflicted and is prevented thereby from engaging in any occupation or performing any work for compensation or profit, which disability is permanent and which has caused plaintiff

to be almost helpless; that the fact that plaintiff is now and has been disabled as set forth hereinbefore has been known to defendant continuously during and since the month of January, 1938; that due proof of said disability has been furnished to defendant.

"The disability referred to above was caused by the same disease and ailments that were the basis for a suit which was filed on this policy and disability rider by plaintiff herein against this defendant in this court and was tried in this court on the 27th day of September, 1937, which suit resulted in a judgment for plaintiff, which judgment, on appeal by the defendant to the Supreme Court of Arkansas, was reversed and the cause dismissed on the ground that the disability of plaintiff upon which he relied for recovery was based upon and caused by a disease which occurred, originated and existed prior to the issuance of the policy; said decision of the Supreme Court was rendered on the 20th day of June, 1938, and is reported in 196 Ark. 1178, 118 S. W. 2d 248 and was docketed as Case No. A-5110.

"The disability alleged in the case at bar is the same disability which plaintiff was suffering when the previous suit hereinabove mentioned was filed and was the basis for said action; that this disability of plaintiff herein is now total and permanent as alleged by him, since the month of January, 1938, but the basis of said present disability and the cause of same is a disease (Parkinson's disease) which occurred, originated and existed prior to the date of the policy and disability rider sued upon herein as held by the Arkansas Supreme Court in said case."

It was also stipulated that appellant had paid all premiums due on the policy and rider for the years 1938, 1939, 1940 and 1941.

It will be observed that according to the agreed stipulation of facts the disability alleged as the basis of this suit was the same disability (Parkinson's disease) with which appellant was suffering when the previous suit was filed, and that it "occurred, originated and

existed prior to the date of the policy and disability rider sued upon herein, as held by the Arkansas Supreme Court in said case."

Appellant contends, however, that the doctrine of *res judicata* does not preclude recovery in the instant case for the reason that appellee concedes that appellant has been totally and permanently disabled since January, 1938, as a result of Parkinson's disease and paralysis agitans, and that with knowledge of these facts appellee has continued to receive the annual premium of $9 due on the disability rider contract for the years 1938, 1939, 1940 and 1941. It is appellant's contention that the action of appellee in accepting the premiums due on the supplementary contract with full knowledge of appellee's total and permanent disability, since January, 1938, constituted an estoppel or waiver which precluded it from contesting this suit and pleading *res judicata*.

Appellee contends that it had no alternative but to accept the disability premiums; that the contract, including the disability rider clause, was a continuing one, and it had no right to cancel the same and refuse to accept such premiums without appellee's consent. It further contends that under the terms of the policy and disability rider appellant was entitled to continuous protection against any bodily injury or disease not originating or occurring prior to the issuance of the policy, and that in consideration of the $9 premium he has paid annually since the first case was reversed and dismissed by this court in 1938, he has received such protection under the contract, and that it had a right to assume that appellant continued to pay his premiums because he desired such protection, and did not want his disability coverage canceled.

The case has had our careful consideration, and we think the circuit court was correct in sustaining the plea of *res judicata*. For a discussion of the law regarding *res judicata*. See *Meyer* v. *Eichenbaum, Trustee*, 202 Ark. 438, 150 S. W. 2d 958.

Even though appellant is precluded from recovering the benefits sought here, it is possible he might sustain

a bodily injury or contract a disease other than the disease with which he is now afflicted, which would, within the meaning of the policy, render him totally and permanently disabled, thereby entitling him to the benefits thereunder. We think, therefore, that in accepting the premiums for the years 1938-41 it was not appellee's intention to waive its defenses to a claim by appellant based upon Parkinson's disease, but to afford appellant coverage for any subsequent disability which he might incur.

Appellant further argues that the two-year incontestable period had expired since the trial in the other case and prior to the filing of the present suit. We are unable to agree with this contention. Under the incontestable clause of the policy, the right of the insurance company to contest all claims thereunder expired two years from the date of the policy "except as to provisions and conditions relating to benefits in the event of total and permanent disability . . . contained in any supplementary contract, attached to and made a part of this policy." The supplementary contract among other things provided for disability benefits, waiver of premiums, etc., in the event the insured became totally and permanently disabled as the result of bodily injury or disease "occurring and originating after the issuance of said policy." Therefore, the incontestable clause did not preclude appellee from contesting the present suit on the ground that the disability originated prior to the issuance of the policy.

Affirmed.