70 F.Supp. 106 (1947)
YOUNG
v.
TERMINAL R. R. ASS'N OF ST. LOUIS.
No. 3933.
District Court, E. D. Missouri, E. D.
January 10, 1947.
Harvey B. Cox and George E. Helfers, both of St. Louis, Mo., for plaintiff.
*107 Arnot L. Sheppard, of St. Louis, Mo., for defendant.
HULEN, District Judge.
Defendant's motion for new trial under Rule 50, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is before the Court. Plaintiff, suing under Federal Employers' Liability Act, 45 U.S.C.A. c. 2, § 51, obtained judgment in the sum of $35,000. Plaintiff claimed disability as a result of fall from the fireman's seat in engine cab on April 2, 1945, causing injuries to his back and spine. On cross-examination he admitted that while working as a carpenter fifteen or twenty years ago he had fallen from a scaffold. Plaintiff testified he completely recovered from the effects of the fall from the scaffold long prior to employment by defendant. Defendant contests liability and also takes the position that disabilities attributed by plaintiff solely to the fall in the engine cab were in fact caused, in whole or part, by the fall from the scaffold.
"Q. And were you refused for the Services? A. Yes.
"Q. Will you tell us why? A. I will tell you what they told me. They told me that I had a touch of asthma and I had bad teeth.
"Q. What about your back? A. Why, he found a soreness in my hip.
"Q. I don't mean hip. I mean the back. Didn't he find that you had a chronic sore back? A. He never said anything about it.
"Q. Well, didn't you tell him that you had a chronic sore back? A. No.
"Q. Are you certain about that? A. The only thing he talked to me about was that soreness in my hip.
"Q. Well, what did you talk to him about? By the way, that was on November 19, 1943, wasn't it? A. I don't remember what date.
"Q. Well, it was sometime in 1943, it was about a week before you quit at Wagner's, wasn't it? A. Yes, somewhere around there, yes.
"Q. In fact, it was exactly a week, wasn't it? A. Well, I don't remember about that.
"Q. Well, you haven't any objection, have you, to our getting the records showing that physical examination, and showing them to the jury? A. No, sir.
"Q. You are perfectly willing for us to do that? A. Yes, sir.
"Q. And you did not tell the examining physician that you had a sore back and had had for a long time, did you? A. No, sir.
"Q. Did he examine your back? A. Well, not too much.
"Q. Well, did he examine it enough? A. He examined mostly in my legs and hip.
"Q. Legs and hip? A. Uh-huh.
"Q. And he turned you down because of a condition of the legs and hips, didn't he? A. No. I asked him  he said I was rejected, and I asked him why, and he said: `You got a touch of asthma, and bad teeth.'"
When the Report of Physical Examination and Induction of plaintiff from his Selective Service file was offered by the defendant the following record was made:
"Mr. Sheppard: But I do now offer in evidence this file which I think has now been marked.
"Q. Marked Defendant's Exhibit No. 5, is it not? A. Yes.
"Mr. Sheppard: Defendant's Exhibit No. 5.
"Mr. Cox: It being a part of the service record, as answered by Mr. Werner to the Court's question, I object to the use of that document, whatever it is, because it is privileged.
"The Court: The objection will be sustained on the further ground it is not the best evidence.
"Mr. Sheppard: On what ground, Your Honor? I missed it.
"The Court: Not the best evidence. Not on the ground of privileged document alone; I sustain it on both grounds.
"Mr. Sheppard: Oh, on both.
"The Court: I will sustain the privileged objection under the basis of Regulation 605.23, found in the Code of Regulations made pursuant to the Selective Service Act. You will find that on page 2810, Supplement 1941, Book 3, Titles 27-45 Federal Regulations."
*108 Defendant asserts error in the Court's ruling on admissibility of the medical report from plaintiff's Selective Service file. It may serve some purpose if we state the reason for the order we are about to enter.
The controlling Selective Service regulation (Federal Regulation Supplement, 1941, Tit. 32  National Defense, c. VI, Selective Service, p. 2809) is Section 605.31 et seq. which provides that:
"Except as hereinafter in the regulations in this part provided, the information in a registrant's file shall be confidential insofar as it relates to the following subjects:
"(a) His earnings or income.
"(b) His dependency status.
"(c) His physical or mental condition.
"(d) His court record.
"(e) His previous military service."
Exceptions to the above regulation are found in Section 605.32 and read as follows:
"(a) The registrant, or any person having written authority from the registrant.
"(b) The members and clerical and stenographic employees of the local board, medical advisory board, or board of appeal, the examining physician or examining dentist, and the government appeal agent or associate government appeal agent, dealing with the registrant's case; proper representatives of the State Director of Selective Service or the Director of Selective Service; United States attorneys and their duly authorized representatives.
"(c) Any other Federal official or employee, but only to the extent that such other Federal official or employee is specifically authorized in writing by the State Director of Selective Service or the Director of Selective Service."
Section 605.33 provides that: "The making or filing of a claim or action for damages against the Government or any person, based on acts in the performance of which the record of a registrant or any part thereof was compiled, shall be a waiver of the confidential nature of information in all such records, and, in addition, all such records shall be produced and published in response to the subpena or summons of the tribunal in which such claim or action is pending."
The next section, numbered 605.34, provides as follows: "In the prosecution of a registrant or any other person for a violation of the Selective Training and Service Act of 1940 or any amendment thereof, the Selective Service Regulations, any orders or directions made pursuant to any of such acts or regulations, or for perjury, all records of the registrant shall be produced and published in response to the subpena or summons of the court in which such prosecution is pending."
The regulations are based upon the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 310, which provides: "(a) The President is authorized  (1) to prescribe the necessary rules and regulations to carry out the provisions of this Act; * * *."
Selective Service Regulations authorized by the statute have the force of law. United States ex rel. Lawrence v. Commanding Officer of the Cook Army Air Field, D.C.Neb., 1945, 58 F.Supp. 933.
Defendant challenges the reasonableness of the Regulation quoted and the power of the President to make it. Physical fitness of registrants under the Selective Service Act being of prime importance to the armed forces, and full, free and unhampered disclosure by the registrant being conducive to a complete physical examination, there is no doubt in the Court's mind but the Regulation was reasonable and within the power delegated to the President.
Nor can we agree with defendant that the Regulations are without effect in court proceedings. Paragraphs 605.33 and 605.34 expressly refer to court proceedings and designate the type of cases in which Selective Service records are admissible (absent waiver of the privilege), the circumstances under which they are admissible and how they may be obtained for use in court. Federal Rules of Civil Procedure, Rule 34, recognize the doctrine of privilege as to documents. It is our opinion that the Regulation making a registrant's file privileged is binding in a court of law and that this conclusion is supported by the *109 authorities. Federal Life Insurance Co. v. Holod, D.C., 30 F.Supp. 713; Harris, Adjutant General, v. Walsh, 51 App.D.C. 167, 277 F. 569; Graham v. Squier, 9 Cir., 132 F.2d 681; Annot. 129 A.L.R. 1200.
Defendant, arguendo, claims a waiver by plaintiff of the privilege accorded his file by the Regulation. The Regulation provides that the privilege may be waived by the registrant by "* * * written authority" from him. There is no requirement that the waiver be signed or be written by the registrant. In Haskins v. City of De Soto, Mo.App., 1931, 35 S.W.2d 964, 967, plaintiff, a construction engineer, was suing the City for services and his authority was questioned. A Missouri statute required that an agent purporting to act for the City should be "Authorized in writing". It was held, the minutes of the Counsel showing adoption of the motion directing execution of the contract was a sufficient compliance with the statute and evidenced employment "in writing". See Trossbach et ux. v. Trossbach, Md.1945, 42 A.2d 905, 908, holding admissions of a party in the form of testimony would constitute sufficient memoranda under the Maryland statute of frauds,  "Recorded testimony should be regarded as equivalent to signed depositions". In 27 C.J. 256, 37 C.J.S., Frauds, Statute of, § 175, the general rule is stated that no particular form of language or instrument is necessary to constitute a memorandum in writing under the statute of frauds. We do not think the requirement in the Regulation that a registrant must waive the privilege of his file in writing requires any higher degree of evidence than is necessary to meet the demands of the statute of frauds. We conclude plaintiff having authorized reading of report of his physical examination, while testifying under oath in a court of record where his testimony was reduced to shorthand, and in turn transcribed, the testimony is a writing of a character sufficient to meet the requirements of the Regulation and plaintiff's testimony under such circumstances constitutes a waiver of the privilege provided in the Regulation.
Once a waiver of the privilege has been executed it cannot be recalled (Apter v. Home Life Ins. Co. of New York, 1935, 266 N.Y. 333, 194 N.E. 846, 98 A.L.R. 1281; Elliott v. Kansas City, 198 Mo. 593, 96 S.W. 1023, loc.cit. 1027, 6 L.R.A.,N.S., 1082, 8 Ann.Cas. 653; Demonbrun v. McHaffie, 348 Mo. 1120, 156 S.W.2d 923) and plaintiff's objection when the medical report was offered was ineffectual to countermand his prior waiver.
Objection of plaintiff to the admission of his "report of physical examination" from his Selective Service file on the ground of privilege being eliminated, it remains to be determined whether the record offered in evidence was subject to the objection of being hearsay or whether it comes within the exception to the hearsay rule granted to public documents or official statements. If the report of the physical examination of plaintiff is an official public document it is admissible under the exception to the hearsay rule notwithstanding the doctor who made the examination and report was not produced as a witness and although it was not shown it was impossible to obtain his testimony.
Section 663.10b(2) of the Selective Service Regulations provides that the local board shall receive from the induction station commander a copy of the report of the physician making the examination and as to each man found not acceptable the "original of the report of the physical examination" on Form 221. The exhibit in question is on Form 221.
The authorities on the present issue are few and not uniform in their conclusions. In Laird v. Boston and Maine Railroad, 1921, 80 N.H. 58, 114 A. 275, 16 A.L.R. 243, plaintiff claimed injury to his right eye. For some unexplained reason plaintiff called a "Draft examiner in the late war" who testified he would not expect "The plaintiff to be accepted for service for reason of his badly impaired vision". Defendant then offered the record of the draft board to show plaintiff was examined and accepted for service in the war. Admission of the latter evidence was assigned as error and sustained by the State Supreme Court. It is of interest to note the annotation of this case takes issue with the ruling of the Court and cites a Canadian *110 case (Casey v. Kennedy (1920) 48 N. B. 85, 52 D.L.R. 326) which reached a different conclusion. The Canadian case held that the record was admissible because it fell within the exception to the hearsay rule as a public document. The Texas Court of Civil Appeals, in Commercial Standard Insurance Co. v. Noack, Tex.Civ. App., 1931, 45 S.W.2d 798, followed the reasoning of the Laird case. Neither in the Laird case or the Noack case was the point considered that the exhibit was a public document, nor is there any discussion in either of the cases as to whether the evidence offered came within the exception to the hearsay rule, but in 1941 the Texas Appellate Court, in Joy v. Joy, Tex. Civ.App., 156 S.W.2d 547, 551, ruled that records showing the physical condition of a soldier were admissible on the issue of the mental condition of the soldier at the time of the examination. The Court said: "* * * That the diagnosis as shown by the records of the War Department was admissible as an exception to the rule against hearsay evidence seems to be generally recognized. 20 Am.Jur. 865; 10 R. C.L. 1125; 22 C.J. 805; Long v. United States, 4 Cir., 59 F.2d 602, 605; Gilmore v. United States, 5 Cir., 93 F.2d 774, 776; 16 A.L.R. 247 * * * Sprencel v. United States, 5 Cir., 47 F.2d 501; United States v. Timmons, 5 Cir., 68 F.2d 654; Chesapeake & Delaware Canal Co. v. United States, 3 Cir., 240 F. 903; The Andrea F. Luckenbach, 9 Cir., 78 F.2d 827; Price v. State, 118 Tex.Cr.R. 82, 38 S.W. 2d 811; Wetmore v. United States, 10 Pet. 647, 9 L.Ed. 567."
The question was raised in Edmonds v. State, Ga.Sup.1946, 39 S.E.2d 24, 38. But the decision went off on a holding that the exhibit was not "sufficiently authenticated to make it admissible."
The rule in Missouri with respect to the admission of hospital records we believe should be given weight in reaching a decision on the question. Hospital records as to certain matters are required to be kept by law. R.S.Mo.1939, Sec. 9777, Mo.R.S.A. The subject is discussed at length in Galli v. Wells, 1922, 209 Mo.App. 460, 239 S.W. 894, loc.cit. 898. We quote: "In view of the foregoing charter provisions, ordinances and state statutes, we think the record [hospital record] offered in evidence was a public official record required by law to be kept, and was competent evidence of such facts as the law required should be recorded therein in a case where, as here, the privilege of the statute has been waived. The record offered in evidence contains a diagnosis of the plaintiff's disease at the time of entry into the hospital * * *. We think the record was proper evidence, and that it contained evidence required to be recorded therein by the general law and which was material to the issues in the case."
In the Galli case the question arose by reason of a claim by the plaintiff of injuries due entirely to an accident and the hospital records were offered to show that the condition attributed to the accident existed prior thereto. See also Vermillion v. Prudential Insurance Co. of America, 230 Mo. App. 993, 93 S.W.2d 45, 48, where it was held: "There is no doubt that official hospital records, properly identified and shown to be kept pursuant to the requirement of the statute, are admissible in evidence as contended by defendant [where the records are not subject to objection on the ground of privilege]. Kirkpatrick v. Wells, 319 Mo. 1040, 6 S.W.2d 591."
The report of the physical examination of plaintiff was by regulation, having the force of law, required to be kept by the local Selective Service Board. These boards are quasi judicial bodies. 6 C.J.S., Army and Navy, § 26, p. 403, Draft Boards. There can be no question that the examining physician was under a public duty in making and recording the physical condition of plaintiff and in making such examination he acted as a public officer and the matter required to be ascertained was for a vital important public purpose. It bears every "circumstantial guaranty of trustworthiness". The regulation required that the result of the physical examination be filed with the local board and placed there by a public officer. It carried a prima facie privilege status. So does a hospital record. Neither are admissible in evidence except where the privilege status has been waived by the subject of the examination. The basis for admission of hospital records *111 in evidence in Missouri after waiver of the privilege is the law requiring it to be kept. By analogy the same rule should apply for the same reason to the report of physical examination of a registrant before a Selective Service Board.
The remaining question is, Was the sustaining of the objection to the offer of the report of physical examination of plaintiff at the time he presented himself for induction into the armed services error of a character to call for a new trial under Rule 61, Federal Rules of Civil Procedure? Plaintiff testified on direct examination that prior to his falling from the fireman's seat in the cab of defendant's engine he was in good physical condition and that he was not then suffering from any ailment of any kind to his back, and that the condition of his back at the time of trial was due solely to his fall in the engine cab. The injury complained of by plaintiff as a result of his fall was in the region of his lower back. Plaintiff offered medical evidence that the injury to his back was of recent origin  resulting from his fall in the engine cab. Defendant offered medical testimony that the condition complained of by plaintiff pre-existed his fall in the engine cab. Plaintiff's physical condition and the cause of it was the principal issue in the case. The physical condition of plaintiff at the time he presented himself for induction in the armed services in November, 1943, as shown by the report, bears directly upon this issue and tends to support defendant's position that plaintiff's condition, in whole or in part, existed prior to his fall in the cab of defendant's engine in April, 1945. The reason given by the medical examiner of the Selective Service Board for rejection of the plaintiff was "old contusion, lower back, with chronic left sacro-iliac strain, chronic asthma". That this condition was of such gravity on November 19, 1943, as to disqualify plaintiff from military service would indicate that it was not of a trivial nature and we think the defendant was entitled to have the jury consider it in passing upon the cause of plaintiff's injury. We do not think the record is admissible to impeach plaintiff as to what the examining physician told the plaintiff was the cause for his rejection but only to show plaintiff's physical condition at the time of the examination. The verdict in this case is for a substantial sum and was no doubt based upon plaintiff's claim as to the cause of his injury. We conclude that the refusal to admit the Selective Service record of plaintiff's physical examination was not only error but substantial error affecting the rights of the parties and cause for a new trial in this case.