152

## WOODWARD v. UNITED STATES.
### No. 615.

United States District Court
S. D. Missouri, W. D.

Dec. 24, 1949.

Miller & Fairman, Springfield, Mo., for plaintiff.

Wm. P. Sanford, Springfield, Mo., for defendant.

REEVES, Chief Judge.

Plaintiff has filed his motion for an order to set aside the verdict and judgment in the above cause and for an entry of judgment conformable to motion for a directed verdict at the conclusion of the trial. In the alternative, the plaintiff seeks a new trial.

The motions are combined and in great detail. They are supported by brief containing suggestions in accordance with a rule of court. In the brief counsel for plaintiff have cited numerous authorities. As indicated by able counsel in their brief, this case was heretofore tried and an opinion rendered by the Circuit Court of Appeals. Such opinion is reported 8 Cir., 167 F.2d 774. Although many questions were presented to the Court of Appeals on the former appeal, the case was reversed on one point only. The court held that the trial judge erred in admitting a certified copy of a birth record on file with the proper authorities of the State.

In the several motions counsel have raised, in effect, the identical points with respect to other records and evidence admitted by the court over the objections of counsel. These have all been considered and the court remains unconvinced that the case was not properly tried.

1. With respect to the records, Section 1732, Title 28 U.S.C.A. specifically provides that records of the kind here made in the regular course of business "shall be admissible as evidence of such act, transaction, occurrence, or event * * *." Unquestionably the records admitted in evidence were made in the regular course of business. Section 9777, Mo.R.S.1939, Mo.R.S.A., specifically provide that: "All superintendents or managers, or other persons in charge of hospitals, almshouses, lying-in or other institutions, public or private, to which persons resort for treatment of disease, *confinement* (italics mine), or are committed by process of law, are hereby required to make a record of all the personal and statistical particulars relative to the inmates in their institutions at the date of approval of this article. * * * The personal particulars and information required by this section shall be obtained from the individual himself if it is practicable to do so; and when they cannot be so obtained, they shall be secured in as complete a manner as possible from relatives, friends, or other persons acquainted with the facts." Under the authorities such facts are admissible in evidence as not violative of the hearsay rule. It was so held in the early case of Galli v. Wells, 209 Mo.App. 460, 239 S.W. 894. The later cases are to the same effect. See Young v. Terminal R. R. Ass'n of St. Louis, D.C., 70 F.Supp. 106; Borrson v. Missouri-Kansas-Texas Railroad Co., 351 Mo. 214, 172 S.W.2d 826. Section 15225(d), R.S.Mo., Mo.R.S.A., does not nullify the above rule.

The court, therefore, did not err in admitting the facts complained against

and moreover the same thing is true in respect of documents and statements of witnesses. On the part of the plaintiff the court admitted much testimony of a similar nature.

2. The plaintiff seeks a decision in his favor on the ground, among others, that in other jurisdictions there has been a holding or a ruling that a brother by adoption alone was competent as a beneficiary under the National Service Life Insurance Act, 38 U.S.C.A. § 801 et seq. Whatever may have been held in other circuits, it was the ruling in this circuit in the above case that a brother by adoption alone was not competent to take or to receive the benefits of such insurance.

In view of the above, the several motions, including the motion for a new trial, should be and will be overruled.