**Abraham M. GLICKMAN, Plaintiff,**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS, Defendant.**

United States District Court
S. D. New York.
May 29, 1957.

Samuel H. Levinkind, New York City, for plaintiff.

William C. Morris, New York City, for defendant.

RYAN, District Judge.

This suit has been filed by plaintiff a resident of New York to recover the sum of $5,000, the maximum amount of indemnity for expenses provided to be paid in the event of loss under a "Family Poliomyelitis Expense Policy" with a Specified Dread Disease Rider, issued to plaintiff by the defendant Lumbermens Mutual Casualty Company of Illinois, an insurance corporation organized under the laws of Illinois and licensed to transact business in New York.

Jurisdiction is predicated on diversity; the policy issued in New York and the law of New York is to be applied.

The suit was tried to the Court without a jury; no factual issues are presented.

The defendant on August 1, 1953, for a term premium of $18 issued and caused to be delivered to plaintiff a "Family Poliomyelitis Expense Policy" insuring plaintiff against loss by reason of expenses incurred by him or a member of his family by reason of poliomyelitis contracted within a period of two years after August 1, 1953, the date of the policy. The liability of the defendant was limited to payment not exceeding $10,000 as to any one member of the family for certain enumerated items of hospital, medical and nursing care actually incurred within three years from the date of first treatment. Among other provisions, not here applicable, it was provided that "written notice of sickness on which claim may be based must be given to the Company within twenty days after the commencement of the disability from such sickness."

Thereafter, and on April 7, 1954, and while this policy was in effect, the defendant, without additional premium and without request of the plaintiff issued, forwarded and delivered to the plaintiff an amendment or rider to the policy extending its coverage. The rider was described in the defendant's printed form so issued as "Specified Dread Disease Rider" and recited that it was "to be attached to and form a part of all Family Poliomyelitis Expense Policies." It provided that "effective *April 1, 1954*, or on the date of the Policy to which this Rider is attached, whichever is later, it is hereby agreed that the Policy shall be extended to cover the diseases listed below, up to but not exceeding 50% of the maximum indemnity of the Policy to which this Rider is attached." There then followed a list of eleven specified diseases among them "encephalitis"; this was followed by a provision that the rider was "subject to all of the provisions, conditions, limitations, and exclusions of this Policy as applicable to Poliomyelitis."

It is not disputed by defendant that on or about January 22, 1954 plaintiff's wife contracted encephalitis and that since that date has been continuously suffering from that disease requiring hospital, medical and nursing care, the expense for which has exceeded $5,000.

It is the position of the plaintiff that although the onslaught of his wife's disease occurred on January 22, 1954—more than two months prior to the effective date of the rider, which was April 1, 1954, and six months after August 1, 1953, the date of the issuance of the policy—the defendant is liable to him for the maximum coverage of $5,000 provided for in the rider. The plaintiff urges that since the rider was issued subject to all of the provisions of the policy as applicable to poliomyelitis, the rider was retroactive in operation and covered expenses incurred in connection with all the enumerated dread diseases even though contracted before the issuance of the rider.

It is the position of the defendant that the rider was entirely prospective in operation and did not insure against a specified dread disease which was contracted before the date specified in the rider as the effective date.

I find the policy and the rider to be in clear and unambiguous terms. The undisputed evidence of the circumstances under which the rider issued and the intent of the defendant in the issuance of the rider has been disregarded.

There is presented a narrow question of law as to the meaning of the policy and the rider. I accept this question as framed by the plaintiff, to be "does the policy and rider indemnify the plaintiff against expenses incurred by him after April 1, 1954 as a result of the contracting of encephalitis by plaintiff's wife on or about January 22, 1954?" This question I answer in the negative.

We are here considering a policy of insurance against loss which may be incurred in the future, not a contract to reimburse or indemnify for a loss already suffered and sustained. The policy and rider look to the future and not the past; they so provide. They must be

read and interpreted together as constituting one contract of insurance, and read so as to give them a common sense and every day meaning. Moeller v. Associated Hospital Service of Capital District, 304 N.Y. 73, 76, 106 N.E.2d 16. There are three undisputed dates which must be kept in mind:

August 1, 1953—the date of the policy;

January 22, 1954—the date on which plaintiff's wife contracted encephalitis;

April 1, 1954—the date of the Dread Disease Rider.

It is plain that the rider limits the indemnity on expenses by reason of one of the dread diseases to those incurred after April 1, 1954, and to such expense not exceeding $5,000 but the plaintiff urges that since there is no express limitation in the Rider limiting it to dread disease contracted after April 1, 1954, (and such an express provision might have been made), therefore this additional liability assumed by the rider must be related back to the policy date of August 1, 1953.

To sustain such an interpretation one would have to entirely ignore the provision in the policy requiring notice of the disease within 20 days after its commencement.

The measure of defendant's liability under the original policy is set forth in the conditions of the policy under the heading "Expenses Payable" which provides for payment only "if any member of the Family shall contract poliomyelitis after the Policy Date." This same provision must be carried over into the rider as a limitation of liability with respect to the dread diseases. This is evident from the language of the rider to the effect that the insured is covered effective April 1, 1954, or if no poliomyelitis policy is in effect at that time as of the later date when such policy comes into existence. An obvious expression of intention to protect an insured against expenses incurred by reason of one of the specified diseases no earlier than April 1,

1954 and in certain cases as of a later date—that of the main policy, "whichever is later."

The rider was not an assumption of liability for expenses incurred in connection with a disease contracted prior to the date of the rider. Apter v. Home Life Ins. Co. of N. Y., 266 N.Y. 333, 338, 194 N.E. 846, 98 A.L.R. 1281.

The complaint is dismissed with costs to the defendant and the Clerk is directed to enter judgment accordingly.