Abraham M. GLICKMAN, Plaintiff-
Appellant,

v.

LUMBERMENS MUTUAL CASUALTY
COMPANY OF ILLINOIS, Defend-
ant-Appellee.

No. 214, Docket 24729.

United States Court of Appeals
Second Circuit.

Argued March 6, 1958.

Decided March 19, 1958.

Appeal from the United States Dis-
trict Court for the Southern District of
New York; Sylvester J. Ryan, Judge.

Jay Leo Rothschild, New York City
(Samuel H. Levinkind, New York City,
on the brief), for plaintiff-appellant.

William C. Morris, New York City, for
defendant-appellee.

Before LUMBARD, WATERMAN
and MOORE, Circuit Judges.

PER CURIAM.

Plaintiff and his family were covered
by defendant's Family Poliomyelitis Ex-
pense Policy, issued August 1, 1953,
which indemnified for expenses incurred
in treating poliomyelitis contracted by
any member of the family within two
years after the date of the policy. The
question for decision is whether a rider
forwarded in April 1954, which gave the
family coverage for expenses in connec-
tion with certain dread diseases, includ-
ing encephalitis, affords a basis for re-
covery of expenses of $5,000 incurred on
behalf of plaintiff's wife who had con-
tracted encephalitis on January 22, 1954,
prior to the date of the rider.

The rider, which was added
without additional premium, carried
these words: "Effective April 1, 1954,
or on the date of the Policy to which this
Rider is attached, whichever is later, it
is hereby agreed that the Policy shall be
extended to cover the diseases listed be-
low * * *" and encephalitis was
among the eleven dread diseases listed.

This brief statement of the essential
facts shows conclusively, we think, that
the language of the policy is clear and
unambiguous and requires that a disease
added by the rider must have been con-
tracted on or after April 1, 1954 in order
to permit reimbursement for expenses
incurred in connection with that disease.

Judge Ryan dismissed the complaint
in a well reasoned opinion, D.C.S.D.N.Y.
1957, 160 F.Supp. 167 and we affirm for
the reasons there set forth and stated
above.

Judgment affirmed.