## EDUCATORS AND PROFESSIONAL LIFE
## INSURANCE COMPANY et al *v.*
## Robert C. JORDAN

75-329                     536 S.W. 2d 124

### Opinion delivered May 10, 1976

*Davidson, Plastiras & Horne, Ltd.*, by: *Cyril Hollingsworth,* for appellants.

*Guy H. Jones, Phil Stratton* and *Guy Jones Jr.*, for appellee.

CARLETON HARRIS, Chief Justice. This appeal comes before the court on stipulated facts and presents solely a question of law: Does an incontestable clause in a disability insurance policy prevent the insurer from denying liability on the ground that the disability resulted from a disease antedating the issuance of the policy, when the policy ex-

pressly excludes coverage of disabilities resulting from such pre-existing ailments?

The stipulation and the pleadings reflect that appellee, Robert C. Jordan, suffered a 25 per cent permanent partial disability to his right arm in 1959, as a result of osteomyelitis. In May, 1970, Jordan purchased a motor vehicle from a Conway dealership, and simultaneously obtained a policy of credit life and disability insurance for the financing of the purchase. That policy, issued by appellant Educators and Professional Life Insurance Company, and reinsured by appellant American Pioneer Life Insurance Company, contains the following relevant provisions:

> "This policy shall be incontestable after it has been in force during the lifetime of the insured for a period of one year from the date of policy.
>
>        \*   \*   \*
>
> "TOTAL DISABILITY BENEFITS PROVISIONS
>
>        \*   \*   \*
>
> . . . . the insurance afforded by this policy does not cover any disability caused by:
>
>        \*   \*   \*
>
> (4) Any pre-existing illness, disease or physical condition contracted prior to the effective date of the policy as to the insured."

It was further stipulated that appellee has been totally disabled since April 19, 1972, "as a culmination of his illness and disease of osteomyelitis." Appellants have denied liability solely on the basis that "[t]he policy does not purport to cover any disability caused by any pre-existing illness, disease or physical condition contracted prior to the effective date of the policy." The trial court ruled, however, that "the incontestable clause is applicable to the disability provision of the policy," and that "[t]here is no limiting or qualifying

language in the incontestable clause," and accordingly found that appellants were liable on the policy.

On appeal from the judgment so entered, appellants simply argue that the trial court committed an error of law in its holding.

We agree with appellants, and the great weight of authority is to that effect. Annotation, 13 ALR 3d, pp. 1392 - 1397. A leading case, which clearly recites the reasons for the conclusion reached, is *John Hancock Mutual Life Ins. Company* v. *Hicks,* 43 Ohio App. 242, 183 N.E 93. There the court said:

> "It is incumbent upon the plaintiff, in seeking to recover upon an insurance contract such as we have under consideration, to establish that the disease from which the permanent and total disability results was the subject of the contract, namely, that it was covered by the policy. The clause in question defining the subject-matter insured against reads as follows: 'If * * * the insured * * * shall become wholly and permanently disabled by * * * disease * * * contracted after the date hereof, so that thereby he will be wholly, continuously and permanently prevented from the pursuit of any form of mental or manual labor for compensation,' etc., 'the payments provided will be made.'

> "We are of the opinion that only permanent and total disability from diseases contracted after the date of the issuing of the policies is the subject of insurance in this contract. The incontestable clause does not have the effect of enlarging the diseases or bodily injuries for which the company agrees to compensate the insured or his beneficiary. Had this policy named the specific diseases and injuries the suffering of which would have been compensated, it would not be claimed that any other disease or injury would obligate the company to any liability under the policy. The incontestable clause only prevents the contest by the company respecting any liability incurred by it by the terms of the contract, and does not relieve the plaintiff in the first instance of establishing its right to recover under the specific

language of the policy. The incontestable clause would have prevented the company from contesting any answer made by the insured in his application to the effect that he was free from any mental disease, although he then knew that he was so afflicted, unless the claim was asserted by the company during the period in which the incontestable clause was not to be affected; but this would not affect that part of the policy setting forth the nature and extent of the coverage. The clause of indemnity relates to the policy or contract. When it is established by the claimants that the hazard against which the company has insured has been suffered by the insured, then the policy by its terms in that respect is effective and cannot be contested. However, until such proof is made the plaintiff has not established a substantive right to recover. In other words, the company by the incontestable clause has not waived the necessity of allegation and proof that the injury, loss, or risk claimed is the subject of the contract. It was incumbent upon the plaintiff to plead and prove that the insured was at the time of the filing of the petitions suffering from a disease contracted after the date of the issuing of the policies. And the defendant company had the right without respect to the incontestable clause to put the plaintiff upon such proof."

Likewise, in *Apter* v. *Home Life Ins. Co.*, 266 N.Y. 333, 194 N.E. 846, frequently cited, the court said:

" 'The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage, the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken.' Matter of Metropolitan Life Ins. Co. v. Conway, 252 N.Y. 449, 452, 169 N.E. 642. From the inception of the policies the defendant excluded from its coverage disability which originated before the policies became effective. The plaintiff never acquired any insurance against such dis-

ability. The provision that after one year the policy shall be incontestable is in effect a stipulation that after one year, fraud or other source of invalidity or forfeiture was waived by the defendant. From that time the presumption that the policies were effective from their inception became conclusive."

Our own court, in *Petty* v. *Metropolitan Life Ins. Company,* 204 Ark. 1054, 166 S.W. 2d 1034, is in complete accord.[1]

Here, there is no contention that fraud was committed by appellee in obtaining the policy. Rather, the sole defense is that Jordan was afflicted with osteomyelitis before the policy was obtained, and thus, was not covered for that particular disease under policy provisions. There is no dispute but that the disease antedated the policy, was the sole cause of his total disability, and it follows that the court erred in holding to the contrary.

Reversed and dismissed.

---

[1]Arkansas, in the Annotation previously referred to, is shown, on the basis of this opinion, as one of the states adhering to the view under discussion.